UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREGORY GRANTHAM and JOHN SABA,<br><br>        Plaintiffs,<br><br>v.<br><br>TIMOTHY CORY & ASSOCIATES; DURHAM, JONES & PINEGAR, P.A.; and TIMOTHY S. CORY,<br><br>        Defendants. | 2:11-CV-01569-PMP-VCF<br><br>ORDER |

Before the Court is Defendants' Notice of Removal of Federal District Court Civil Action (Doc. #8), which the Court renamed to reflect the relief sought as a Motion for Reference. (Order (Doc. #10).) Plaintiffs filed an Opposition (Doc. #11) on November 14, 2011. Defendants filed a Reply (Doc. #13) on November 17, 2011. Plaintiffs filed a Supplemental Opposition (Doc. #16) on November 23, 2011. Defendants filed a Reply to Plaintiffs' Supplemental Opposition (Doc. #17) on December 5, 2011.

Also before the Court is Defendants' Motion to Dismiss (Doc. #12), filed on November 17, 2011. Plaintiffs filed an Opposition (Doc. #18) on December 5, 2011. Defendants filed a Reply (Doc. #20) on December 15, 2011.

The parties are familiar with the facts in this case and the Court will not repeat the matter's extensive history in full here. Plaintiffs, as successors in interest to Broadway Acacia, LLC, bring this diversity action against Defendant Timothy Cory ("Trustee"), the Chapter 7 Trustee of Debtor Flamingo 55, Inc., and the Trustee's attorneys, Defendants

1  Timothy Cory & Associates and Durham, Jones & Pinegar, P.A.  Plaintiffs contend that a
2  recent ruling by the United States Court of Appeals for the Ninth Circuit in the underlying
3  bankruptcy proceeding for Debtor Flamingo 55, Inc. demonstrates that property which the
4  Trustee sold actually was the property of a partnership between Flamingo 55, Inc. and
5  Broadway Acacia, LLC.  Plaintiffs contend that the proceeds of that sale therefore
6  constitute partnership property over which the Trustee erroneously is exercising dominion
7  and control without regard to Plaintiffs' partnership interest in the funds.
8         Plaintiffs brought suit in this Court, asserting claims for dissolution of the
9  partnership, an accounting, and appointment of a receiver (count one); conversion and
10 disgorgement of funds paid to the Trustee (count three); and indemnification from the
11 partnership for the Trustee's use of partnership assets over Broadway Acacia, LLC's
12 objection (count five). (Compl. (Doc. #1) at 11-12, 13-16.)  Plaintiffs seek injunctive relief
13 staying the bankruptcy case and enjoining the Trustee from distributing the funds to
14 Flamingo 55, Inc.'s creditors, including distributing funds to the Trustee for his services in
15 the bankruptcy proceeding (count two). (Id. at 12-13.)  Plaintiffs also seek an order
16 requiring the Trustee to deposit the remaining funds from the sale into the Court's registry
17 to prevent further dissipation of the funds (count four). (Id. at 14-15.)
18         The Trustee moves the Court to refer the matter to the bankruptcy court.  The
19 Trustee contends reference is appropriate because Plaintiffs' claims impact the bankruptcy
20 estate's property and challenge the Trustee's actions in the bankruptcy proceedings.  The
21 Trustee argues Plaintiffs' claims therefore are core proceedings.  Plaintiffs respond that
22 referring the matter to the bankruptcy court is unwarranted because Plaintiffs' claims are
23 non-core proceedings.  Plaintiffs contend that the dissolution of a partnership has no
24 relationship to the bankruptcy of one of the partners because only the pro rata distributive
25 share of the bankrupt partner's interest in the partnership is subject to administration by the
26 bankruptcy court.

Federal district courts have subject matter jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A district court may refer any of these proceedings to the bankruptcy court for that district. Id. § 157(a). Upon referral, the bankruptcy court "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." Id. § 157(b)(1). Core proceedings include, but are not limited to, "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." Id. § 157(b)(2)(A), (O). A dispute about whether an asset is property of the bankruptcy estate at the outset is a core proceeding. In re Kincaid, 917 F.2d 1162, 1165 (9th Cir. 1990). Additionally, a challenge to the bankruptcy trustee's conduct in administering the estate is a core proceeding. Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 483 n.4 (6th Cir. 1992).

The Court will refer this matter to the bankruptcy court as Plaintiffs' claims are core proceedings. During administration of Debtor Flamingo 55, Inc.'s estate, the bankruptcy court determined the real estate at issue was property of the Debtor's estate and authorized the Trustee to sell that property. (Defs.' Mot. to Dismiss (Doc. #12), Exs. E, G.) However, Plaintiffs claim the real estate which the Trustee sold is not property of the estate; rather it is the property of a non-debtor partnership in which the Debtor is a partner. Plaintiffs' claims therefore are core proceedings because Plaintiffs challenge whether the real estate was property of the estate at the commencement of the bankruptcy proceedings.

Moreover, Plaintiffs challenge the Trustee's conduct in administering the estate and request disgorgement of fees for services the Trustee has performed for the Debtor's estate. The Trustee's authority to act for the estate and the Trustee's claim for fees for such services do not exist but for the bankruptcy, and thus any challenge to his administration of

the estate or fees earned for such services is a core proceeding. Plaintiffs also request the Court appoint a receiver over the sale proceeds, which would result in a de facto replacement of the Trustee over this single-asset debtor's estate. (Reply to Pls.' Opp'n to Mot. for Reference (Doc. #13), Ex. B at 2.) The Trustee's authority to exercise dominion and control over the Debtor's estate emanates from the bankruptcy proceeding, and thus any effort to remove the Trustee is a core proceeding.

The Court therefore will refer this matter to the United States Bankruptcy Court for the District of Nevada in case number BK-S-03-19478-BAM. The Court will deny as moot Defendants' Motion to Dismiss, without prejudice to raise those arguments before the bankruptcy court.

IT IS THEREFORE ORDERED that Defendants' Notice of Removal of Federal District Court Civil Action/Motion for Reference (Doc. #8) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. #12) is hereby DENIED as moot without prejudice to renew before the bankruptcy court.

IT IS FURTHER ORDERED that this matter is hereby referred to the United States Bankruptcy Court for the District of Nevada, case number BK-S-03-19478-BAM.

DATED: January 20, 2012

_____
PHILIP M. PRO
United States District Judge